Filed 12/20/22  P. v. Tinsley CA3
On transfer

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C089528 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STKCRFE19940007582, |
| v. | SC058087A) |
| DONALD EUGENE TINSLEY, | OPINION ON TRANSFER |
| Defendant and Appellant. | |

In 1995, a jury found defendant Donald Eugene Tinsley guilty of first degree murder and other charges and enhancements not material to this appeal.  (Pen. Code, § 187; statutory section citations that follow are to the Penal Code.)  We affirmed the judgment in 1997.  (*People v. Adams et al.* (Aug. 27, 1997, C022618) [nonpub. opn.] (Slip Opinion).)

In May 2019, defendant filed a petition for resentencing under a then newly enacted special procedure.  The trial court summarily denied the petition without appointing counsel, concluding defendant was not eligible for resentencing as a matter of law, because the Slip Opinion established defendant "had the intent to kill and with that intent aided, abetted, and assisted the actual killer in the commission of murder."  This court affirmed the trial court's order.

1

The California Supreme Court granted defendant's petition for review and deferred further action pending disposition in a related case. After issuing its opinion in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), the Supreme Court transferred the matter back to us with directions to vacate this court's decision and reconsider the cause in light of *Lewis*. We vacated the prior decision and reconsidered the matter in light of *Lewis* and the defendant's supplemental brief.

Although the trial court should have appointed counsel to represent defendant when he filed a facially sufficient petition containing a request for counsel, the error was harmless. Accordingly, we will affirm the trial court's order.

## FACTS AND PROCEDURAL HISTORY

*Senate Bill No. 1437*

On September 30, 2018, the Governor signed Senate Bill No. 1437 (2017-2018 Reg. Sess.). Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Effective January 1, 2019, the legislation amended sections 188 and 189 and added a special procedure for certain eligible persons to petition for resentencing in light of those amendments.

Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) made some changes to the special resentencing procedure, formerly section 1170.95, including clarifying the scope of admissible evidence in determining a petitioner's eligibility for relief. (Stats. 2021, ch. 551, § 2.) Effective June 30, 2022, the Legislature renumbered the special resentencing procedure to section 1172.6. (Stats. 2022, ch. 58, § 10.) Though defendant filed his petition under section 1170.95, for purposes of clarity, we will refer to the section by its new numbering.

2

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Section 1172.6 provides that a resentencing petition "shall include all of the following: [¶] (A) A declaration by the petitioner that the petitioner is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel." (§ 1172.6, subd. (b)(1).)

"Upon receiving a petition in which the information required by . . . subdivision [(b)] is set forth . . . if the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner." (§ 1172.6, subd. (b)(3).) Consistent with the current legislative language, the Supreme Court in *Lewis* held a trial court must appoint counsel to represent the petitioner when the petitioner files a facially sufficient petition containing a request for the appointment of counsel, and the appointment of counsel does not hinge on a prima facie showing that the petitioner is eligible for relief under the special resentencing procedure. (*Lewis*, *supra*, 11 Cal.5th at pp. 962-963, 966-967, 970.)

3

A petitioner demonstrates eligibility for relief under subdivision (a) by showing: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.  [¶]  (3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)-(3).)

"After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief.  If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause."  (§ 1172.6, subd. (c).)

The California Supreme Court held the petitioner must make one prima facie showing that he or she is entitled to relief under the special resentencing procedure (*Lewis*, *supra*, 11 Cal.5th at pp. 961-967), and the prima facie bar is set very low, as "the prima facie inquiry . . . is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." '  [Citation.]  '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing' " (*id.* at p. 971).  At this stage, the trial court should also not engage in factfinding involving the weighing of evidence or the exercise of discretion.  (*Id*. at p. 972.)

After an order to show cause has issued, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019.  The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed.  The court may also consider the procedural history of the case recited in any prior appellate opinion. . . . The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens."  (§ 1172.6, subd. (d)(3).)

*Defendant's Petition*

In April 2019, defendant filed a petition to vacate his murder conviction pursuant to the special resentencing procedure.  The petition included a form declaration that he completed.  In his declaration, defendant stated (1) a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) at trial, he was convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine, and (3) he could not be convicted of first or second degree murder under the changes to sections 188 and 189.  Defendant also requested the trial court appoint counsel.  He did not include any attachments or exhibits to his form petition and declaration.

The record does not contain a response to defendant's petition, and the parties agree in their briefing that the People did not respond.

*Trial Court Order*

In May 2019, the trial court summarily denied defendant's petition, after conducting a "review of the [p]etition and court file," including the Slip Opinion.  The

5

court concluded that defendant was ineligible for relief, because "he could be convicted of first degree murder despite the changes to" murder liability enacted by Senate Bill No. 1437. This was so, the trial court explained, because the "statement of facts" in the Slip Opinion affirming defendant's criminal judgment on direct appeal indicated defendant "had the intent to kill and with that intent aided, abetted, and assisted the actual killer in the commission of murder."

The trial court recited some of the salient facts from the Slip Opinion, including defendant's participation in an hours-long assault of the victim, and defendant's statement that he was going to kill the victim when he pulled him out of a van by his hair, shortly before he was fatally shot.

The trial court further explained: "While it was not entirely clear who the shooter was," one codefendant's testimony "pointed to" someone other than defendant as the shooter. "It was not proven beyond a reasonable doubt that [defendant] was the actual killer. However, based on the statement of facts cited above, [defendant] had an *intent to kill and did aid, abet, and assist the actual killer in the commission of murder*. In addition, [defendant] was a major participant in the underlying felony (kidnapping) and acted with reckless indifference to human life." (Italics added.)

## DISCUSSION

### I

*Summary Denial of Resentencing Petition Without the Appointment of Counsel*

Defendant first contends the trial court erred by summarily denying his petition before appointing counsel. We agree. Because defendant filed a facially sufficient petition, the trial court should have appointed counsel to represent defendant. (*Lewis*, *supra*, 11 Cal.5th at pp. 962-963, 966-967, 970.)

The failure to appoint counsel at the prima facie stage of review is state law error and is reviewed for prejudice under the *People v. Watson* (1956) 46 Cal.2d 818 harmless

error test.  (*Lewis*, *supra*, 11 Cal.5th at pp. 973-974.)  Defendant must demonstrate there is a reasonable probability that the appointment of counsel or receipt of briefing would have changed the outcome of his petition.  (See *People v. Watson*, *supra*, 46 Cal.2d at p. 836.)  He does not meet that burden, because he was not eligible for relief under the special resentencing procedure as a matter of law. This is so because, as the trial court reasoned, our Slip Opinion established that defendant acted with intent to kill when he participated in the murder.  (Slip Opinion*, supra*, C022618 at p. 18, fn. 11.)

Thus, the trial court correctly ruled that defendant is statutorily ineligible for section 1172.6 relief.  (See §§ 189, subds. (e)(1) [actual killer], (e)(2) [defendant "was not the actual killer, but, with the intent to kill, aided, abetted . . . or assisted the actual killer in the commission of murder in the first degree"]; 1172.6, subd. (a)(3) [case for relief requires a showing the petitioner could not be convicted of murder because of changes to sections 188 or 189 made by Senate Bill No. 1437].)  Therefore, no argument by counsel properly could have resulted in a different outcome, and any conceivable error in failing to appoint counsel is harmless.

II

*The Trial Court's Reliance on the Slip Opinion*

Defendant's remaining claims challenge the propriety of the trial court's reliance on the Slip Opinion to summarily deny defendant's petition.

First, noting that the trial court "did not give [him] any notice that it [would] rely[] on" the Slip Opinion, "nor did it give him the opportunity to respond to the allegations and legal analyses in that opinion," defendant contends "the trial court had no right to" rule him "ineligible for relief as a matter of law" "without soliciting briefing from the prosecution and [defendant]."

Second, defendant contends the trial court violated due process principles by "erroneously relying" on the "materially inadequate" Slip Opinion "to reach unsupported

or inadequately supported findings," because "[n]o issue" in his direct appeal "required [us] to determine or even address whether [defendant] harbored an intent to kill." Relatedly, defendant argues in his supplemental brief that the trial court "engaged in improper fact-finding" to deny his petition.

We note that defendant does not challenge the trial court's legal conclusion that defendant aided and abetted Wadsworth's killing. Accordingly, we do not address the issue.

We conclude any error by the trial court in considering the Slip Opinion to summarily deny defendant's petition was harmless, as we determined in the Slip Opinion that defendant harbored an intent to kill when he participated in the murder.

In the Slip Opinion, we rejected defendant's argument that section 654 precluded imposition of multiple punishments for his multiple criminal acts. (Slip Opinion, *supra*, C022618 at pp. 17-18.) In making that ruling, we observed that the jury at defendant's trial "did not expressly find felony murder; rather, it hung on the felony-murder special circumstance. Thus we infer that *it found against defendant[] on count I [murder] on the alternative theory of premeditation*." (Slip Opinion, *supra*, C022618 at p. 18, fn. 11, italics added.)

Accordingly, we *were* called upon to decide whether defendant harbored intent to kill; and we decided the jury found that defendant acted with premeditation when he participated in the murder. That holding -- which did not weigh any facts, but merely considered the legal effect the jury's findings (and lack thereof) had on the case (cf. *People v. Merritt* (2017) 2 Cal.5th 819, 830 [jury instruction harmless error analysis not "appellate factfinding" when it assesses "what effect the error had on the verdict"]) -- conclusively refuted the allegation in defendant's petition that he could not presently be convicted of murder because of changes made to sections 188 and 189 effective January l, 2019.

8

Contrary to defendant's contention, changes made to the special resentencing procedure by Senate Bill No. 775 do not compel a different result. Defendant contends section 1172.6, subdivision (d)(3), precludes the trial court from considering appellate opinions for facts beyond the procedural history of a case. To the extent the trial court considered such facts in the Slip Opinion, the error was harmless in light of the Slip Opinion's legal conclusions regarding the jury's verdict, which conclusions render defendant ineligible for resentencing relief as a matter of law. (Compare *People v. Flores* (2022) 76 Cal.App.5th 974, 988-989 [quoting language from section 1172.6, subd. (d)(3), as standing for the proposition that "the factual summary in an appellate opinion is not *evidence* that may be considered at an evidentiary hearing to determine a petitioner's eligibility for resentencing," and reasoning that "[i]f such *evidence* may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, [the court] fail[ed] to see how such *evidence* could establish, as a matter of law, a petitioner's ineligibility for resentencing at the prima facie stage"], italics added.)

DISPOSITION

The order denying defendant's petition is affirmed.

 

 

 

 

HULL, J.

We concur:

MAURO, J.

KRAUSE, J.

9